UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CENTURY CAPITAL GROUP, LLC, et al.,                                    Plaintiffs,

v.                                                    Civil Action No. 3:16-cv-173-DJH

TROY A. GUINN, et al.,                                                Defendants.

\* \* \* \* \*

## <u>MEMORANDUM OPINION AND ORDER</u>

In 2011, Plaintiffs Century Capital Group and Richard Mills sued Defendant Troy Guinn in Jefferson County, Kentucky Circuit Court over a "business dispute."  (D.N. 6-1, PageID # 48)  In January 2014, the Jefferson Circuit Court entered judgment against Guinn.  (*Id*.)  Two months later, in March 2014, the plaintiffs filed suit against Guinn and Robin Campbell in Jefferson Circuit Court alleging fraudulent conveyances from Guinn to Campbell in violation of state law and "seeking to collect on the judgment against Guinn from Campbell's assets."  (*Id*., PageID # 50)  Meanwhile, also in March 2014, Guinn filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Kentucky.  (*Id*., PageID # 49)

On March 7, 2016, the plaintiffs filed their first amended complaint in Jefferson Circuit Court, adding Medical Consulting Solutions (MCS), Accident Assistance Today (AAT), Innovative Health Care Solutions, Integrity Health Care Solution, T&C Neuromax Global and "Does 1-25" as defendants.  (*Id*.)  One week later, on March 15, 2016, the trustee for Guinn's bankruptcy estate "initiated an adversary proceeding by filing a Complaint" against Campbell, MCS, AAT, and RST Medical Services, seeking to avoid and recover fraudulent transfers under 11 U.S.C. §§ 544, 548, and 550, as well as Kentucky state law. (*Id*.)    The defendants removed the second case from Jefferson Circuit Court to this Court on March 18, 2016.  (D.N. 1; D.N. 14,

1

PageID # 123)  "The bankruptcy case remains open and is pending in the Bankruptcy Court." (D.N. 6-1, PageID # 49)

Defendants Robin Campbell, Medical Consulting Solutions, LLC ("MCS"), Accident Assistance Today, LLC (AAT), Innovative Health Care Solutions, LLC, and Integrity Health Care Solutions, LLC have moved to dismiss the instant complaint.  (D.N. 6)  The defendants argue that the plaintiffs' complaint and trustee's action are targeting the same alleged fraudulent transfers from Guinn to Campbell.  (*Id.*, PageID # 50)   The plaintiffs then moved for the Court to abstain pursuant to 28 U.S.C. § 1334(c)(2) or, alternatively, consolidate the instant action with the bankruptcy case before adjudicating the motion to dismiss.  (D.N. 8)  The plaintiffs also filed a motion to stay the motion to dismiss pending adjudication of the motion for abstention.  (D.N. 9)  Next, the defendants filed a motion to refer the matter to bankruptcy court.  (D.N. 12-1)  In response, the plaintiffs argue that the Court should first address its motion for abstention, and the matter should be referred to bankruptcy court only if the Court determines that this matter is appropriate for federal courts.  (D.N. 14, PageID # 124)  Finally, the plaintiffs filed a motion for a status conference, "at which or after which Plaintiffs would be prepared to offer arguments on the pending motions and clarify any procedural complexities."  (D.N. 19, PageID # 135)

**I.**

The defendants ask the Court to refer this matter to bankruptcy court under Local Rule 83.12.  (D.N. 12, PageID # 110)  That rule provides, in relevant part, that

> [t]he following cases and proceedings are referred to the Bankruptcy Court judges for the District:
>
> (1) Cases, matters and proceedings in cases, under the Bankruptcy Act pending in the Bankruptcy Court on July 9, 1984; . . . [and]

2

(4) All actions for removal of claims under 28 U.S.C. §1452(a) and (b) that relate to bankruptcy cases, except proceedings involving tort claims for personal injury or wrongful death. . . .

LR 83.12.  The defendants argue that pursuant to LR 83.12, the claims at issue "are to be referred automatically to the bankruptcy court for the district."  (D.N. 12-1, PageID # 112)  The plaintiffs respond that the motion for abstention should be considered first.  (D.N. 14, PageID # 124)  If the motion for abstention is granted, the plaintiffs assert, the motion for referral is moot.  (*Id.*)  However, if the motion for abstention is denied, the plaintiffs do not object to referring the matter to the bankruptcy court.  (*Id.*)

"'Mandatory abstention under section 1334(c)(2) is not jurisdictional' and, thus, the Court first must address whether it has jurisdiction over this matter before addressing whether abstention is proper."  *Tomassi v. MDS, Inc.*, No. 5:12-CV-00201-TBR, 2013 WL 1636435, at *1 (W.D. Ky. Apr. 16, 2013) (quoting *Robinson v. Mich. Consol. Gas Co.,* 918 F.2d 579, 584 (6th Cir. 1990)).  Section 1334 provides that district courts have original jurisdiction over bankruptcy proceedings arising under title 11.  *See* 28 U.S.C. § 1334(a).  However, section 1334(b) states that "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Section 157 "sets forth procedures by which district courts may refer cases to the bankruptcy judges for their districts."  *K & B Capital, LLC v. Ogden*, No. CIV.A.5:05 CV 72 R, 2005 WL 1799735, at *1 (W.D. Ky. July 26, 2005).  Section 157(a) states that a "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(a).  "The Western District of Kentucky, by Local Rule 83.12, has

provided for such reference to the Bankruptcy Court." *Irvin v. Faller*, 531 B.R. 704, 706 (W.D. Ky. 2015) (citing LR 83.12).

The Sixth Circuit has held that a bankruptcy court has jurisdiction under § 1334(b) if the matter is "related to" the bankruptcy. *Id*. at 500 (citing *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co., Inc.*, 930 F.2d 1132, 1141 (6th Cir. 1991)).  A matter is "related to" a bankruptcy if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id*. (quoting *Wolverine Radio*, 930 F.2d at 1142).

The defendants state, and the plaintiffs do not dispute, that the issue of fraudulent transfers is "related to" Guinn's bankruptcy case.  Therefore, the Court finds that this matter is "related to" the bankruptcy case and thus both this Court and the bankruptcy court have jurisdiction over this action.

## II.

Having determined that bankruptcy jurisdiction exists, the Court turns to the plaintiffs' motion for mandatory abstention.  (D.N. 8)  The plaintiffs argue that the Court must abstain from hearing the instant case pursuant to 28 U.S.C. § 1334(c)(2).  (*Id*., PageID # 63)  Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  "For mandatory abstention to apply under § 1334, . . . a proceeding must: (1) be based on a state law claim or cause of action; (2) lack federal jurisdiction absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of

4

timely adjudication; and (5) be a non-core proceeding." *Tomassi*, 2013 WL 1636435, at \*3 (citing *Lindsey v. O'Brien, Tanski, Tanzer, & Young Health Care Providers of Conn.*, 86 F.3d 482, 497 (6th Cir. 1996); *Johnson,* 476 B.R. at 500).

The parties do not dispute that the first four requirements are satisfied here.  (D.N. 8, PageID # 65–67; D.N. 11, PageID # 103–05)  Therefore, "[t]o decide whether it must abstain, the Court must determine whether this action involves 'core' bankruptcy claims." *Id.*  However, such a determination is best left to a bankruptcy court. *Id.* (citing Fed. R. Bankr. P. 5011, cmt. (b) ("The bankruptcy judge ordinarily will be in the best position to evaluate the grounds asserted for abstention"); *McKinstry v. Sergent*, 442 B.R. 567, 570 (E.D. Ky. 2011); *Chrysler LLC v. Getrag Transmission Mfg., LLC*, No. 08-14592, 2009 WL 799038, at \*2 (E.D. Mich. Mar. 23, 2009); *Navon v. Mariculture Prods. Ltd.*, 395 B.R. 818, 822–23 (D. Conn. 2008) ("[I]t should be within the bankruptcy court's province to rule on whether abstention is appropriate.")). As in *Tomassi*, "[t]his factor, combined with Local Rule 83.12's authorization to refer the instant matter to the bankruptcy court, leaves the Court inclined to refer Plaintiff's motion to . . . abstain [to] the bankruptcy court." *Id.*  (citing L.R. 83.12(a)(4)).  Therefore, the Court declines to rule on the plaintiffs' motion for abstention and will refer the case to the bankruptcy court.

Because there is no objection to the Court staying the motion to dismiss pending adjudication of the motion to abstain (D.N. 10, PageID # 101), the Court will grant the plaintiffs' motion to stay.  (D.N. 9)

### III.

For the reasons discussed above, the Court refers this case to bankruptcy court. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

5

(1)    The plaintiffs' motion to stay the defendants' motion to dismiss (D.N. 9) is **GRANTED**.

(2)    The defendants' motion to dismiss (D.N. 6) is **ADMINISTRATIVELY REMANDED** pending adjudication of the motion for abstention.

(3)    The defendants' motion to refer the case to bankruptcy court (D.N. 12) is **GRANTED**.  The Clerk of Court is directed to **REFER** this matter to the bankruptcy court for further proceedings.

(4)    The motion for a status conference (D.N. 19) is **DENIED as moot**.

February 21, 2017

**David J. Hale, Judge**
**United States District Court**

6